IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| GREG L. ALMOND and JOCELYN ALMOND, | |
| Plaintiffs, | CIVIL ACTION FILE NO. |
| v. | 1:18-cv-3461-MLB-JKL |
| THE BANK OF NEW YORK MELLON, *as Trustee*, | |
| Defendant. | |

## **FINAL REPORT AND RECOMMENDATION**

This is a wrongful foreclosure case. The case is before the Court *sua sponte*. Defendant[1] removed this case to federal court, arguing in its notice of removal that this Court has federal question jurisdiction over this action. After review of the Complaint and the Notice of Removal, the Court finds that its lacks subject matter jurisdiction over this action. It is therefore **RECOMMEND** that this case be **REMANDED** to the Superior Court of Douglas County, Georgia.

---

[1] According to the Notice of Removal, Defendant's name is "The Bank of New York Mellon, as Trustee for the Bear Stearns Asset Backed Securities Trust 2002-2, Asset Backed Certificates, Series 2002-2." [Doc. 1 at 1.]

## I.     Procedural History

On January 31, 2018, Plaintiffs Greg L. Almond and Jocelyn Almond filed a complaint in the Superior Court of Douglas County, Georgia, challenging the foreclosure of their property. (Compl. [Doc. 1].) Plaintiffs allege that, at some point in 2017, Defendant purchased the property, which had been subject to Plaintiff Greg Almond's personal bankruptcy, at a foreclosure sale.

The crux of Plaintiff's complaint is that their prior lenders/servicers, J.P. Morgan Chase and Select Portfolio Servicing ("SPS"), misrepresented during the course of the bankruptcy proceedings that Plaintiffs had missed scheduled payments when, in fact, Plaintiffs had made the payments. Plaintiffs allege that those misrepresentations were made in violation of two federal criminal statutes, 18 U.S.C. § 152, which makes it a federal crime to file a false or fraudulent claim in a bankruptcy case, and 18 U.S.C. § 1001, which makes it a federal crime to knowingly and willfully make false or misleading statements, among other things, in any matter within the jurisdiction of any branch of the United States government. Then, relying on those alleged misrepresentations, the Bankruptcy Court allegedly lifted the automatic stay with respect to the property, which allowed the foreclosure to proceed. (Compl. at 1-6.)

2

On July 18, 2018, Defendant removed the case to this Court on the basis of federal question jurisdiction under 28 U.S.C. § 1331. [Doc. 1.] Specifically, Defendant contends that "the Complaint contains claims against [it] under 18 U.S.C. § 152 and 18 U.S.C. § 1001." [*Id.* at 2.]

## II.   Applicable Standard

"[A] federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Generally, a case brought in state court over which a federal court would have original jurisdiction may be removed to federal court. 28 U.S.C. § 1441(a). Even without a motion to remand, a federal court must remand a removal action to state court if it does not have subject matter jurisdiction over the case. 28 U.S.C. § 1447(c). Moreover, the right to remove is construed strictly, and "all uncertainties as to removal jurisdiction are to be resolved in favor of remand." *Russell Corp. v. Am. Home Assurance Co.*, 264 F.3d 1040, 1050 (11th Cir. 2001).

Federal courts have original jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Removal jurisdiction is governed by the well-pleaded complaint rule, which "provides that

federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

### III.   Analysis

In this case, Defendant contends that this court has subject matter jurisdiction over this action because Plaintiff asserts that Defendant violated two federal criminal statutes, 18 U.S.C. § 152 and 18 U.S.C. § 1001. The Court disagrees. To start, the complaint cannot be fairly read as alleging that Defendant violated federal law. Though the Complaint does not comply with Federal Rule of Civil Procedure 10(b), nowhere in the Complaint do Plaintiffs assert that Defendant made any of the purportedly false representations that would have arguably violated 18 U.S.C. §§ 152 and 1001. Rather, those representations were allegedly made by J.P. Morgan Chase and SPS. Accordingly, the Court disagrees that Plaintiffs have attempted to state a claim for a violation of federal law, at least against this Defendant.

But even if the Complaint could fairly be read as attempting to assert claims under 18 U.S.C. §§ 152 and 1001 against Defendant, those claims cannot give this Court original jurisdiction because there is no private right of action under either

statute. "As a general rule, a case arises under federal law only if it is federal law that creates the cause of action." *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir.1996) (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Tr. for S. Cal.*, 463 U.S. 1, 8-10, (1983)).  Courts throughout the nation, including within this Circuit, have uniformly recognized that there is no express or implied private right of action under § 152. *See, e.g., In re Artho*, No. 15-20046-RLJ-12, 2018 WL 1614196, at *11 (Bankr. N.D. Tex. Mar. 30, 2018); *In re Zinn*, No. 13-14270-LSS, 2017 WL 262043, at *12 (Bankr. D. Md. Jan. 17, 2017); *In re Finnimore*, No. 3:13CV744 JBA, 2014 WL 1315589, at *3 (D. Conn. Mar. 31, 2014); *Lewis v. Johnston*, No. 2:08-CV-1040, 2009 WL 152464, at *2 (S.D. Ohio Jan. 21, 2009); *In re Martin*, 387 B.R. 307, 313 (Bankr. S.D. Ga. 2007); *In re Wood*, 341 B.R. 804, 812 (Bankr. S.D. Fla. 2006); *Heavrin v. Boeing Capital Corp.*, 246 F. Supp. 2d 728, 731 (W.D. Ky. 2003), *aff'd sub nom. Heavrin v. Nelson*, 384 F.3d 199 (6th Cir. 2004); *Clayton v. Raleigh Fed. Sav. Bank*, 194 B.R. 793, 795 (M.D.N.C. 1996), *aff'd*, 107 F.3d 865 (4th Cir. 1997).  Likewise, it is well-established that there is no private right of action for alleged violations of § 1001. *See Blankenship v. Gulf Power Co.*, 551 F. App'x 468, 471 (11th Cir. 2013) (holding that plaintiff's civil claim brought under 18 U.S.C. § 1001 was "frivolous" because the statute does not

provide a private cause of action); *Thomas-Ikomoni v. McCalla Raymer, LLC*, No. 1:07-CV-1511-RWS-AJB, 2009 WL 10701291, at *28 (N.D. Ga. Jan. 20, 2009) (collecting cases holding that § 1001 does not provide a private right of action), *report and recommendation adopted*, 2009 WL 10701293 (N.D. Ga. Mar. 13, 2009); *see also Lee v. U.S. Agency for Int'l Dev.*, 859 F.3d 74, 78 (D.C. Cir. 2017) (holding that § 1001 does not provide a private right of action); *Andrews v. Heaton*, 483 F.3d 1070, 1076 (10th Cir. 2007) (same); *Fed. Sav. & Loan Ins. Corp. v. Reeves*, 816 F.2d 130, 138 (4th Cir. 1987) (same); *Long v. Thomason*, No. CIV.A. 13-00447-KD-M, 2014 WL 266206, at *9 (S.D. Ala. Jan. 6, 2014); *Williams v. McCausland*, 791 F. Supp. 992, 1001 (S.D.N.Y. 1992).

Because neither § 152 nor § 1001 creates a civil cause of action, Plaintiff has not pled a federal claim. *See Hansard v. Forsyth Cty., Ga,* 191 F. App'x 844, 846 (11th Cir. 2006) (statement in complaint that defendant violated Plaintiff rights under the Fifth and Fourteenth Amendments to the United States Constitution does not state a federal claim because the Constitution did not create a federal cause of action); *Chantel v. Federated Rural Elec. Ins. Exch. Inc.*, No. CV-16-03310-PHX-SPL, 2017 WL 5957910, at *2 (D. Ariz. Jan. 30, 2017) (holding that district court did not have federal question jurisdiction over plaintiff's civil action based on an

alleged violation of 18 U.S.C. § 152).[2]  Accordingly, this Court lacks federal question jurisdiction over this case.

## IV. Conclusion

For the foregoing reasons, this Court lacks subject matter jurisdiction over this action.  It is therefore **RECOMMENDED** that the action be **REMANDED** to the Superior Court of Douglas County.

IT IS SO RECOMMENDED this 20th day of July, 2018.

_____
JOHN K. LARKINS III
United States Magistrate Judge

---

[2] The Court pauses to note that "a case may arise under federal law if a well-pleaded complaint established that the right to relief under state law requires resolution of a substantial question of federal law in dispute between the parties." *Diaz*, 85 F.3d at 1505 (citations and alteration omitted).  Defendant, which bears the burden to demonstrate federal subject matter jurisdiction on removal, does not assert this as an alternative theory of federal question jurisdiction.  But even if it did, the Court would still conclude that the Court lacks subject matter jurisdiction, as the determination of the state law claim does not depend on whether a violation of federal criminal law occurred.